UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

GARY S. SCHNELL,
                    Appellant,

          v.

DEPARTMENT OF THE ARMY,
                    Agency.

DOCKET NUMBER
CH-1221-07-0700-X-2

DATE: August 21, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Gary S. Schnell</u>, Sparta, Wisconsin, pro se.

<u>Eric J. Teegarden</u>, Esquire, Fort McCoy, Wisconsin, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  This compliance proceeding was initiated by the appellant's petition for enforcement of the Board's final decision in his individual right of action appeal that granted him corrective action and ordered his retroactive promotion to an appropriate GS-12 position. *Schnell v. Department of the Army*, 114 M.S.P.R. 83

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

(2010). For the reasons stated below, we find that the agency is in compliance with the Board's order and dismiss the petition for enforcement.

## BACKGROUND

¶2 On review of the parties' responses to the initial recommendation of the administrative judge that the Board enforce its order, the Board found that the agency failed to provide an adequate explanation of the basis for the appellant's placement in an Environmental Engineer, GS-12, position or sufficient evidence to show that it paid him the back pay with interest to which he was entitled. MSPB Docket No. CH-1221-07-0700-X-1 (X-1), Remand Order (June 16, 2011). Accordingly, the Board remanded the case for the taking of additional evidence concerning these issues. Remand Order.

¶3 On remand, the administrative judge held a hearing concerning the appropriateness of the appellant's placement and the sufficiency of the appellant's award of back pay with interest. The agency presented witnesses at the hearing, and both parties provided additional documentary evidence. In her recommendation, the administrative judge determined that the Environmental Engineer, GS-12, position was substantially equivalent in scope and status to the duties of the appellant's former position,[2] as well as to the temporary Facility Operations Specialist position to which he was denied a promotion. MSPB Docket No. CH-1221-07-0700-B-1 (B-1), Remand Recommendation (Oct. 18, 2011). The decision discusses at length various other positions that the appellant alleged to be more appropriate placements, but found no merit in his arguments. Remand Recommendation at 14-20.

¶4 The administrative judge also found that the agency failed to demonstrate that the appellant received the correct interest on his back pay in light of errors

---

[2] The appellant has long contended that his former position of Supervisory Quality Assurance Specialist should have been classified at the GS-12 level. *See* X-1, Compliance Referral File (CRF), Tab 4 at 4; *Schnell*, 114 M.S.P.R. 83, ¶ 10.

the agency made that were discussed, but not fully explained, by its witnesses at the hearing. Remand Recommendation at 10. Finally, the administrative judge determined that, because the agency conceded that the appellant was working in an inappropriate position during the part of the back pay period when the National Security Personnel System (NSPS) was in effect, the agency should replace his level "2" performance rating for that period with a "3" fully successful rating. Remand Recommendation at 20-23. The administrative judge thus recommended that the Board order the agency to (1) demonstrate that it provided the appellant appropriate back pay and interest, and (2) increase the appellant's performance rating to level "3" for his performance to and including January 16, 2011. Remand Recommendation at 23.

¶5 In its response the agency agreed to comply with the administrative judge's recommendation. MSPB Docket No. CH-1221-07-0700-X-2 (X-2), CRF, Tab 3 at 1. In its initial submission, the agency submitted evidence that it was taking immediate steps to make the recommended change in the appellant's performance rating during the period of the NSPS. *Id*. at 6. The agency stated that, because of the impact of the higher rating on the appellant's back pay, a recalculation of the appellant's back pay and interest was required and would result in a delay of its evidence concerning the award. *Id*. at 1.

¶6 In his response to the recommendation, the appellant agreed with the administrative judge's finding that the agency had not demonstrated that its award of back pay and interest was appropriate. X-2, CRF, Tab 4 at 2. In particular, he argued that the agency should have calculated his back pay and interest on a continuous time line, rather than breaking it into segments. *Id*. The appellant also agreed that the agency's performance rating addressed by the administrative judge was erroneous but contended that his rating should have been at the highest level, rather than at the fully successful level, as found by the administrative judge. *Id*. at 7. Finally, the appellant disagreed with the administrative judge that the agency properly placed him in the Environmental Engineer, GS-12,

position, and in support of his petition for review he submitted argument and additional evidence to support his position. *Id*. at 2-8, 9-29, 45-88.

¶7    In a second submission, the agency addressed the appellant's award of back pay and interest with narrative explanations and evidence concerning its calculations that supplemented and corrected the back pay and interest spread sheets that it had previously provided to the administrative judge.  X-2, CRF, Tab 5.   The appellant then submitted a response to the agency in which he reiterated his arguments concerning the appropriateness of his job placement, his performance rating, and the need for a continuous calculation of back pay and interest.  X-2, CRF, Tab 6.

¶8    After receipt of the parties' responses, the Board issued an order noting that the agency's second response showed the same amounts of back pay and interest as its previous submissions despite the raising of the appellant's performance rating during the NSPS period.  X-2, CRF, Tab 8.  The Board ordered the agency to explain why it had not made the recalculations of back pay and interest that it stated would be required because of the rating change.  *Id.*   The agency in response stated it had not made the changes because of evidence that it submitted showing a re-creation of the NSPS rating and pay pool for the appellant would significantly reduce his pay below what he already received, i.e., that using the pay system that preceded the NSPS was to the appellant's advantage.  X-2, CRF, Tab 11.  The appellant has not disputed the agency's determination.  X-2, CRF, Tab 12.

## ANALYSIS AND FINDINGS

<u>The agency has paid the appellant the appropriate amount of back pay and interest.</u>

¶9    The agency's evidence shows that the appellant was paid back pay for the difference between the GS-11 and GS-12 pay levels during the back pay period beginning on October 31, 2006, and ending on January 15, 2011.  The back pay was paid in three installments totaling $18,217.44, with a correction of an

additional $4.88, for a total back pay award of $18,222.32.[3]  X-2, CRF, Tab 5, Exhibits 8, 9.  The three major payments were:  (1) $1,678.24 on June 3, 2010, for the period from October 31, 2006, through September 29, 2007; (2) $6,976.80 on January 27, 2011, for the period from January 3, 2010, through January 15, 2011; and (3) $9,562.40 on February 24, 2011, for the period from September 30, 2007, through January 2, 2010.  *Id*., Exhibit 8.  The agency's evidence shows the appellant's back pay by pay period.  *Id*., Exhibits 1-6.  The appellant has not denied receipt of the agency's payments or specifically disputed the correctness of the amounts paid.  While the appellant implicitly disputes these amounts in making his claim that he should have received a higher performance rating for the NSPS period, we find no merit in this claim.[4]

¶10    The appellant has challenged the correctness of the amount of interest paid on these amounts.  The agency submitted spread sheets showing how the interest was computed on the second and third of the above-referenced back pay payments.  B-1, Compliance Remand File, Tab 6, Exhibit 1.  For the second payment, the spread sheet shows the daily compounding of interest from the initial pay date of the covered period to the date on which back pay for the period was paid, resulting in an interest payment of $136.84.  *Id*. at 10-11.  For the third payment, the spread sheet shows the daily compounding of interest from the covered period's initial pay date to the date on which back pay for the period was paid, resulting in an interest payment of $828.82.  *Id*. at 7-8.  For the interest on the first of the above payments, the agency presented at the hearing the testimony of Casey Prunier, a Lead Civilian Pay Technician.  B-1, Hearing Transcript (HT)

---

[3] The back pay correction that the appellant received after the principal payments was based on an additional eight hours of work by the appellant during the first of the three back pay periods less a collected debt.  *See* X-2, CRF, Tab 5, Exhibit 9.

[4] A witness for the agency persuasively testified that the higher rating under the NSPS that the appellant seeks would not have been the equivalent of the rating that he received for the preceding period under the previous appraisal plan because of differences in the two plans.  B-1, Hearing Transcript at 100-104.

at 8-10.  Ms. Prunier testified that interest was compounded daily using the Office of Personnel Management's formula for interest rates from the initial payment date for the pay period ending November 11, 2006, until the back pay payment date of June 3, 2010, resulting in an interest payment of $311.38.  These amounts (including a subsequent adjustment to $145.03 of the $136.84 interest on the second back pay payment) total $1,285.23 in interest paid.[5]

¶11    The appellant's objection to the agency's interest payments is based on his contention that the interest should not be broken into segments but should be computed continuously from the date of the first back payment due until the date of the last such payment due.  X-2, CRF, Tab 4 at 2, Tab 6 at 1.  While this rule would apply if there were a single back pay payment, it does not apply in the appellant's case where the agency made three different back pay payments for different periods of time and on three different dates.  The agency properly computed the interest on each of the payments from the date the appellant would first have received the pay involved until the date of the appellant's payment of the total back pay for the period involved, after which no further interest would have accrued, provided the interest was paid within 30 days after that payment date.  *See* 5 U.S.C. § 5596(b)(2); 5 C.F.R. § 550.806(a)(1), (2).  The appellant's interest payments were made within 30 days after the accrual stop dates:  the interest on the first period payment was paid on June 5, 2010; the combined interest for the second and third period payments was made in the pay period ending on February 12, 2012.  X-2, CRF, Tab 5, Exhibits 5, 6.

¶12    Thus, we find that the agency has shown that it has paid the appellant the amount of back pay with interest to which he is entitled.

---

[5] According to Ms. Prunier, the increased amount of interest came from changing the accrual stop date on the second back pay payment to reflect the fact that the interest for the second and third back pay payments was paid as one sum in the pay period ending February 12, 2012.  *See* X-2, CRF, Tab 5, Exhibits 6, 9.

<u>The agency's placement of the appellant in the Environmental Engineer, GS-12, position complied with the Board's decision.</u>

¶13    In her recommendation, the administrative judge found that the agency placed the appellant in a position, Environmental Engineer, GS-12, that was substantially equivalent in scope and status to the position he would have received absent his whistleblowing. Remand Recommendation, Tab 1 at 11-14. The administrative judge set out the appellant's position description in her decision, and her conclusion is amply supported by its contents. Remand Recommendation at 11-13. The administrative judge noted that the major duty of the appellant's position is developing and implementing environmental compliance policy at Fort McCoy and that the appellant is the point of contact for regulatory inspections of the site. The administrative judge found that, in view of the appellant's responsibilities, the lack of supervisory authority does not prevent his position from having the scope and status of his former, first-line supervisory position, which he contended should have been classified at the GS-12 level. In both jobs, the administrative judge pointed out, the appellant was responsible for giving other people detailed and highly technical advice about what they are supposed to do. Remand Recommendation at 13. The administrative judge determined that, in the absence of evidence that the appellant does not actually perform the duties of his position, the agency's placement of the appellant was appropriate. Remand Recommendation at 13-14.

¶14    The appellant now seeks review of the finding of the administrative judge concerning his placement. He contends that his position has a lower status because of the number of levels of supervision between it and the Director. X-2, CRF, Tab 4 at 2-3. While this may be a factor in some cases, it is not relevant here in view of the responsibilities of the appellant's position that give it the required equivalent status. For the same reason, the administrative judge also rightly found that the absence of a supervisory role was not dispositive. Remand Recommendation at 13.

¶15     The appellant's principal contention is that he does not actually perform the most significant duties of his position.  X-2, CRF, Tab 4 at 3-4.  However, he has not pointed to any specific evidence in the record before the administrative judge that shows she erred in finding that he did not occupy a sham position.[6]  In seeking review of her determination, the appellant has identified duties of the position description that he states he has not performed:  developing significant environmental compliance policies and procedures, resolving conflicts between environmental and other requirements, making environmental feasibility determinations for construction projects, or serving as a contract officer representative.  *Id*.  However, these are only some of the varied higher level responsibilities of his position.  As the administrative judge noted, an agency witness testified that the appellant's former Environmental Protection Specialist, GS-11, job was upgraded to the GS-12 level by adding additional program duties which he does not specifically contend he does not perform. X-2, CRF, Tab 1 at 13; HT at 86-87.  These include engineering oversight of drinking and waste water systems and managing storm water permit applications.  *See* B-1, Compliance Remand File, Tab 6, Agency Exhibits 12, 13.

¶16     The appellant has submitted spreadsheets that he developed concerning his work activities and also his annual self-assessment to support his assertion that his position is not equivalent in scope and status to the position he would have had.  X-2, CRF, Tab 4, Exhibits A, B.  The spreadsheets list what the appellant states are his work activities, but they provide little concrete information and do not expressly cast doubt on the administrative judge's finding.  *Id*., Tab 4 at 9-14.  The self-appraisal addresses the appellant's performance of his

[6] Prior to the Board's remand for a hearing, the appellant made conclusory allegations that his position was not equivalent to a GS-12 position, but merely doubled his workload at the GS-11 level.  MSPB Docket No. CH-1221-07-0700-C-1, Compliance File, Tab 14 at 1.  However, on remand the appellant failed to introduce any evidence at the hearing to give concrete support to this claim although a stated purpose of the remand was to take additional evidence on the issues concerning his placement.

recognized work objectives and shows that the appellant has performed some of the GS-12 duties added to his position. *Id*. at 17-27. The appraisal also includes comments of his supervisors which indicate that the appellant failed to perform various duties, not that he had no responsibility for their performance. *Id*. at 18-19, 21- 22, 25-26. Thus, to the extent that the appellant does not perform some of the duties of his position, this stems from his failure to carry out his assigned tasks, not the agency's failure to assign him sufficient responsibilities. The appellant therefore fails to rebut the administrative judge's finding that he was not placed in a sham position, and we find that his placement by the agency in the Environmental Engineer, GS-12, position was appropriate.

¶17 For the reasons discussed above, we find that the agency is in compliance with the Board's decision and DISMISS the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.